IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | 1:15-MJ-252-1 |
| | ) | |
| | ) | |
| RICKY BRADLEY COOKE | ) | |

## MEMORANDUM OPINION AND ORDER

This case came before the Court on August 11, 2015 on a motion for detention by the United States, pursuant to 18 U.S.C. § 3142(f) and a preliminary examination hearing pursuant to Fed. R. Crim. P. 5.1. At the end of the hearing, the undersigned United States Magistrate Judge orally found that probable cause supports charges against Defendant and ordered Defendant's detention pending disposition of this case because clear and convincing evidence established that no condition or combination of available conditions of release would reasonably assure the safety of other persons and the community, and assure Defendant's appearance at trial or other proceedings in this matter. The Court now enters this written order memorializing that ruling as required by 18 U.S.C. § 3142(i)(1).

## I.     BACKGROUND

On July 31, 2015, the Court (per the undersigned United States Magistrate Judge) issued a Criminal Complaint charging Defendant with one count of use of a facility of interstate commerce to promote the carrying on of a business involving prostitution in violation of 18 U.S.C. § 1952 (a)(3)(*see* Docket Entry 1 at 1) based on a sworn affidavit by a law enforcement officer (*see id.* 1 at 2-8). At his initial appearance on August 4, 2015, the

Court advised Defendant of the matters required under Federal Rule of Criminal Procedure 5(d)(1), including his right to a hearing on the issue of release or detention and to a preliminary hearing to contest the issue of probable cause, as well as the setting of those proceedings for August 11, 2015. (*See* Docket Entry 6.)[1] Defendant was appointed counsel at the hearing. (*See* Docket Entry 4.)

In advance of the hearing, a United States Probation Officer assigned to the Pretrial Services Unit prepared a report regarding Defendant's history, residence, family ties, employment history, financial resources, health (including as it relates to mental health and substance abuse issues), and prior record. Both parties had an opportunity to review that report before the hearing. At the hearing, Defendant conceded the accuracy of the Pretrial Services report.

At the hearing, Defendant was "afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear[ed] at the hearing, and to present information by proffer or otherwise." 18 U.S.C. § 3142(f). The United States called (and, through his counsel, Defendant cross-examined) Special Agent D. Brent Perley with Homeland Security who investigated this matter and reviewed reports related to the case.

## II.   PROBABLE CAUSE DETERMINATION

At the hearing, Agent Perley testified at length about the investigation leading to Defendant's arrest. Agent Perley testified about an ongoing investigation involving several individuals, including Defendant, regarding sex trafficking of children in the Greensboro and

---

[1]   A defendant charged via a criminal complaint has a right to a preliminary hearing, *see* Fed. R. Crim. P. 5.1(a), and to a hearing prior to entry of an order declining to enter an order of release on conditions. *See* 18 U.S.C. § 3142(e)-(g).

Burlington, North Carolina area. According to Agent Perley, during the course of this investigation, a fifteen-year old female runaway was rescued and provided information to the investigating officers indicating that she had been forced to provide sex for money during a six-week period in June and July of 2015. This female, called Jane Doe # 1, identified Defendant and recalled his phone number by heart. She told investigators that Defendant posted advertisements for sex online, responded to phone calls from "clients" and then transported her to hotels or private residences to have sex with men. She reported at least 50 such occurrences during a six-week period. Additionally, Jane Doe # 1 reported threats of death or bodily injury both to her or her family members if she did not cooperate and that she was drugged on occasion by Defendant or others to gain cooperation.

Agent Perley further testified that another witness, Jane Doe # 2, was recently identified and reported facts similar to those reported by Jane Doe #1, but investigators have not had time to fully investigate her situation. Additionally, investigators received corroborating evidence in the form of a description from another runaway in 2013 who reported that a window was broken in a hotel room where she was held for sex. Investigators located a Greensboro police report from this incident which revealed that Defendant's North Carolina identification card was found in the hotel room, and the room was rented in Defendant's name.

Agent Perley testified that the investigation is still ongoing and that evidence which has been seized includes tablets and cell phones.

Probable cause has been defined as "reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion." *United States v. 10.10 Acres*

*Located on Squires Rd. in Cheeks Twp., Orange County, N.C.*, 386 F. Supp. 2d 613, 617 (M.D.N.C. 2005) (*citing United States v. $95,945.18*, 913 F.2d 1106, 1110 (4th Cir. 1990)). The record here supports a finding of probable cause as to the charges in the Criminal Complaint. The testimony of Agent Perley, together with his affidavit, suggests a reasonable ground for belief that Defendant committed the crimes which are charged. Multiple witnesses informed law enforcement that Defendant is directly involved in the prostitution operation. Accordingly, this Court finds probable cause exists as to the charges which were the subject of the Criminal Complaint against Defendant.

## III. MOTION FOR DETENTION

In considering the question of release or detention pending trial, the Court considers the following statutorily-prescribed factors:

> (1) the nature and circumstances of the offense charged . . .;
>
> (2) the weight of the evidence against the [defendant];
>
> (3) the history and characteristics of the [defendant] . . .; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release.

18 U.S.C. § 3142(g). Additionally, the Court must determine if there are any conditions which might reasonably be imposed to ensure Defendant's appearance at trial and other proceedings in this district.

In the present case, with respect to the nature of the offense charged against Defendant, the offenses charged are serious in nature and indicative of danger to the safety of others and the community. At the time of his detention hearing, Defendant was the

subject of a criminal complaint charging him with using the internet and cell phones to promote a ongoing business involving prostitution. The seriousness of these charges is further evidenced by the testimony of the agent regarding reports from witnesses of violence and threats. The Court has concerns about the victims involved, both ones who have been identified by law enforcement and others yet to be identified.

Likewise, the weight of the evidence against Defendant is strong. As recounted above, Agent Perley testified during the preliminary hearing that at least two witnesses reported similar facts and identified Defendant as being one of the leaders of the prostitution operation. There is strong evidence from Jane Doe #1 of Defendant's involvement and the violence attending the operation, and corroborating evidence from at least one other under-age witness, together with a police report from 2013 strongly indicating involvement by Defendant.

With regard to Defendant's history and characteristics, Defendant is a 24-year old man who has lived in Greensboro his whole life. Despite his relatively young age, Defendant has a criminal history, mostly involving misdemeanor drug and larceny offenses. The pre-trial services report indicated that Defendant has failed to appear in court on state charges on at least four occasions.

Finally, the Court notes that Defendant offered his mother, Lenora Cooke as a proposed third party custodian should Defendant be released pending trial. While the Court recognizes Mrs. Cooke and other family members' support for Defendant, this Court cannot conclude under the circumstances of this case that it would be a reasonable alternative to detention for Defendant to reside with Mrs. Cooke.

In sum, the Court finds that all of the statutorily-mandated factors weigh in favor of detention. The record establishes by clear and convincing evidence that no condition or combination of conditions (including Defendant's proposed placement on home incarceration with Lenora Cooke as third-party custodian) would reasonably assure the safety of others and the community.

## IV. CONCLUSION

For these reasons, after conducting a hearing and evaluating the entire record in this case, the Court **FINDS** that probable cause supports the charges in the Criminal Complaint and **FINDS** by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of others and the community if Defendant is released prior to trial.

**IT IS THEREFORE ORDERED** that probable cause exists to support the charge in the Criminal Complaint, the Motion for Detention by the United States is **GRANTED**, and Defendant shall be detained pending disposition of the charge pursuant to 18 U.S.C. § 3142(e)(1). Defendant is committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver

Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

Joe L. Webster
United States Magistrate Judge

August **13**, 2015